Battle, J.
 

 The only question presented in the bill of exceptions is, whether his Honor was correct in expressing the opinion, after the other proof had been given, that the record of the County Court of Brunswick, at its July Sessions, 1808, did not show a valid act of emancipation for Clary, the mother of the plaintiff.
 

 It is not denied by the defendant’s counsel, that by the law as it then stood, the application to the Court, by the owner for license to liberate his slave, might have been made orally as well as by a petition in writing;
 
 Sampson
 
 v.
 
 Burgwyn,
 
 3 Dev. and Bat. Rep. 28; but he contends, upon the authority of
 
 Bryans.
 
 Wadsworth, 1 Dev. and Bat. Rep. 388, that when the application is by motion, the record ought to show that it was made by the master, or at least by an attorney for him, and in his name; and that when that is not set forth in the record, nothing — neither a bond filed by the master, in which he states that the motion was at his instance, nor any length of acquiescence by him and tire public, in the enjoyment of freedom by the slave — will avail to supply the defect. We think the rule contended for by the counsel is too rigid, and is supported by neither reason nor authority.
 

 We admit that no person, nor the Legislature even, can set a slave free without the consent of his owner;
 
 Allen
 
 v.
 
 Peden, 2
 
 Car. L. Repos. 638. The question then is restricted to this: must the master’s consent be stated expressly in the record, or may it bo inferred or proved
 
 aliunde 9
 
 Every Court, acting within the scope of its jurisdiction, must be presumed to have acted correctly, until the contrary appears. When one moves a Court to do ail act on his behalf, he may do so in person or by an attorney of the Court. If the motion be made by an attorney, the Court may well suppose that he had authority from his client for the purpose; and if it appear afterwards that he was not authorized to move in the matter, the person for whom he assumed to act may apply to the Court, and have the proceeding set aside. But
 
 *63
 
 if, instead of making such application to have the proceeding vacated, lie files in the same Court a paper, either expressly or impliedly referring to the act done for him, and saying it was done at his instance; and if in addition to- this, he acquiesces and treats as valid the thing done for a long series of years, certainly neither lie nor any other person can afterwards question its validity. Such, we think, is substantially the case before us. The record states that
 
 “
 
 on motion in open Court by George Davis, Esquire, to emancipate a mulatto woman, the property of Elkanah Allen, by the name of Clary,” &c., “the said Court do therefore order and direct the said slave to be emancipated and set free ” &c., “by the name of Clara Beel; and it is further ordered by the Court, that upon sufficient security being given agreeably to law, to keep the said Clary from becoming an incumbrance upon any county in the State, that the Clerk issue a certificate of her emancipation.” Among the records of the same Court, we find a bond executed on the 25th day of April, 1809, by Elkanah Allen and one John G. Scull, the condition of which recites, “ that whereas the above bounden Elkanah Allen, did, on the 26th day of July, present to the Court ” &c.,
 
 “
 
 then sitting for the county of Brunswick, a petition praying that Clary, a negro slave therein named, to wit, Clary Beel, should be emancipated and set free,” &c. Clary Beel was then permitted to act as a free woman, and was treated and regarded as such until her death; and her daughter, the present plaintiff, was treated and regarded in like manner until 1842 or 1843, when she was seized by the present defendant, a grandson of the former owner. Surely, after such a distinct acknowledgement by the' owner, that he applied for and obtained from the Court the license to liberate his slave, and had from that time permitted her to go free, and he and all other persons had for more than thirty years treated and regarded her and her daughter as free, every presumption ought to be made in favor of her actual emancipation according to law.
 
 Cully
 
 v.
 
 Jones,
 
 9 Ire. Rep. 159;
 
 Stringer
 
 v.
 
 Bircham,
 
 12 Ire. Rep. 41.
 

 The judgment of nonsuit must be set aside, and a
 
 venire de novo
 
 ordered.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo.